IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SAUNDERS<br>a/k/a Shamsidin Ali,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER CARL DANBERG,<br>et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. Action No. 13-1276-GMS<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

At Wilmington, this 13th day of Dec, 2013, having considered the plaintiff's motion for preliminary injunction (D.I. 15);

IT IS ORDERED that the motion (D.I. 15) is **denied**, for the reasons that follow:

The plaintiff, Robert Saunders ("Saunders"), a prisoner housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. On November 1, 2013, Saunders filed a motion for injunctive relief. (D.I. 15.) Saunders complains that he is handicapped and was recently moved to a unit that is not handicapped accessible. He also complains that he requires a wheelchair, but it is not being provided.

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708

(3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Defendants oppose the motion and provide the declaration of Misty Little ("Little"), Heath Services Administrator for Correct Care Solutions, the vendor who provides health care services for inmates at the VCC. (*See* D.I. 29.) Saunders was examined by a medical professional on December 3, 2013. Little states that Saunders is not considered disabled by generally accepted medical standards and does not need to be housed in a handicapped cell. However, because of his age, Saunders was moved to a high security building to limit the distance he is required to walk. In addition, a walker has been ordered for Saunders' stability, and he has access to a wheelchair for long-distance walking. According to Little, Saunders' medical issues are being dealt with in a professional and timely manner.

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Case 1:13-cv-01276-GMS   Document 33   Filed 12/13/13   Page 3 of 3 PageID #: 135

Given the record before the court, Saunders has not demonstrated the likelihood of success on the merits. Documentation indicates that he has received, and continues to receive, care for his medical condition, and that Defendants have taken measure to accommodate Defendant given his difficulty ambulating. Inasmuch as Saunders has failed to show the likelihood of success on the merits, the court will deny the motion for injunctive relief.

_____
CHIEF, UNITED STATES DISTRICT JUDGE