IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT SAUNDERS<br>a/k/a Shamsidin Ali,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER CARL DANBERG,<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civ. Action No. 13-1276-GMS<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

The plaintiff, Robert Saunders ("Saunders"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 3.) Saunders appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 9.) Since the filing of the complaint, Saunders has filed an amended complaint (D.I. 11) and motions for leave to file an amended complaint (D.I. 10, 25). He also requests counsel (D.I. 12) and moves for reconsideration of an order that recently denied him injunctive relief. (*See* D.I. 33, 34.) The court proceeds to review and screen the complaint and amended complaint and considers the pending motions.

**I. BACKGROUND**

The original complaint (D.I. 3) raises claims against former Delaware Department of Correction ("DOC") Commissioner Carl Danberg ("Danberg"), DOC Healthcare Director Dr. Vincent Carr ("Dr. Carr"), former VCC Warden Perry Phelps ("Phelps"), Bureau Chief of

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Correctional Healthcare Services James Welch ("Welch"), VCC Deputy Warden James Scarborough ("Scarborough"), and VCC Director of Nursing Michelle Swell-Jones ("Jones"). The amended complaint (D.I. 11) adds VCC Warden David Pierce ("Pierce"), Dr. Laurie Spraga ("Dr. Spraga"), Major John Bernnan ("Bernnan"), Major Jeffery Carrothers ("Carrothers"), and Captain Marcello T. Rispol ("Rispol").

The complaint alleges that a September 2007 sonogram indicated that Saunders has a lesion in the left kidney. When Saunders was seen in December 2007, he was told the mass is a complex cyst. The condition was left untreated until 2011 when Saunders had constant complaints of pain, passing blood in his urine, and urination issues. Beginning in 2011, Saunders met with nephrologist Dr. Michael Yosin ("Dr. Yosin") and consultation orders were written on three different occasions for Saunders to see a urologist.

On February 18, 2013, Saunders was approached by a correctional officer for transport to see a physician off-site who was either an eye specialist or dermatologist. Saunders advised the correctional officer he had previously seen both and, because he was in the law library working on a post conviction issue, he signed a refusal for treatment not knowing that the appointment was with a urologist. Saunders met with Dr. Yosin on July 12, 2013, and he gave Saunders the results of blood tests from June 2012 through July 2013. The testing indicated that Saunders had sustained 16 percent loss of kidney function. While not clear, it appears that a written consultation referral to see a urologist on an urgent basis was issued. Saunders alleges that as of the date of the complaint, he had yet to see medical personnel regarding his kidney issue.

Saunders alleges that the turnover of physicians and nurses has resulted in lack of follow-through with consulting physician orders. In addition, he alleges that over-population in the

pretrial section requires inmates to sleep three to a cell with one sleeping on the floor, and this creates condition of an unreasonable risk of future harm.[2]

Danberg, Dr. Carr, Welch, Phelps, Scarborough, and Jones are named as defendants based upon their supervisory positions and their responsibility to inmates to provide safe and secure housing and medical care. In addition, Saunders alleges that Phelps and Jones failed to adequately train their respective and staff.

The amended complaint added the defendants Pierce, Dr. Spraga, Bernnan, Carrothers, and Rispol.[3] (D.I. 11.) It contains no allegations, but states that a memorandum of law will layout the culpability of each new defendant. Saunders' motion seeking additional time to file an amended complaint indicates that the claim is a retaliation claim that occurred after Saunders contacted the FBI on October 22, 2013. Saunders seeks compensatory and punitive damages and injunctive relief.

## II. SCREENING

### A. Standard of Review

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and

---

[2]The court does not consider this claim. Saunders is a sentenced inmate, not a pretrial detainee, and does not have standing to raise the claim. *See Saunders v. State*, 65 A.3d 617 (Del. 2013) (In 1976, Saunders was sentenced to life in prison after he was found guilty by a jury in the Superior Court of Delaware, New Castle County of murder in the first degree, conspiracy in the first and second degrees, possession of a deadly weapon during the commission of a felony, burglary in the third degree and theft.).

[3]Saunders filed a letter/motion for an extension of time to file an amended complaint. (D.I. 10.) Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it. At the time Saunders filed the motion, the court had not screened the original complaint; nor had any defendant been served. Therefore, the court will deny the motion as moot.

prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Saunders proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief

may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Saunders leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Saunders has a "plausible claim for relief."[4] *Id.* at 211. In other words, the amended complaint must do more than allege Saunders's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[4]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

### B. Personal Involvement/Respondeat Superior

The original complaint attempts to raise claims against Danberg, Dr. Carr, Welch, Phelps, Scarborough, and Jones. The claims are raised against these based upon their supervisory positions. In addition, Saunders alleges that Phelps and Jones failed to adequately train their respective staff.

A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (unpublished) (citing *Iqbal*, 556 U.S. at 675-77); *Rode v. Dellarciprete*, 845 F.2d at 1207).

Saunders provides no specific facts with regard to foregoing defendants' personal involvement as is required to state a claim for violations of his constitutional rights. Nor does the original complaint contain facts that Danberg, Dr. Carr, Welch, Phelps, Scarborough, and/or Jones expressly directed the deprivation of his constitutional rights, or created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. Moreover, the U.S. Court of Appeals for the Third Circuit has concluded that prison administrators cannot be deliberately indifferent "simply because they

6

failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236. However, since it appears plausible that Saunders may be able to articulate a medical needs claim against the foregoing defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

For the above reasons, the court will dismiss the claims against Danberg, Dr. Carr, Welch, Phelps, Scarborough, and Jones for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### C. Amended Complaint and Motion for Leave to Amend (D.I. 11, 25)

Saunders filed the original complaint on July 24, 2013 alleging medical needs violations against Danberg, Dr. Carr, Welch, Phelps, Scarborough, and Jones. The amended complaint, filed October 5, 2013, adds as parties, Pierce, Dr. Spraga, Bernnan, Carrothers, and Rispol and alleges retaliation claims against Saunders after he contacted the F.B.I. on October 22, 2013. (D.I. 11.) Saunders motion for leave to file an amended complaint seeks to add the same claim. (D.I. 25.)

Saunders' amended complaint (D.I. 11) and his motion to amend (25) add or seek to add new parties and claims unrelated to the original complaint.[5] "In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73 (3d Cir. 2011) (unpublished). The amended complaint and the motion for leave to amend add or seek to add unrelated claims against numerous defendants in violation of Fed. R. Civ. P. 20(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).

In addition, "[t]he Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007). *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also

---

[5]While incarcerated, Saunders has filed, three or more times in the past, a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted and, therefore, he cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* unless the complaint alleges imminent danger of serious physical injury at the time it was filed. *See* 28 U.S.C. § 1915(g).

8

to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby,* 53 F. App'x 14, 16 (10th Cir. 2002) (unpublished) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court. . . .").

The claims in the amended complaint and those that Saunders seek to add in the motion for leave to amend do not arise out of the same transaction or occurrence or series of transactions or occurrences as those in the original complaint. Nor do the claims involve issues of law or fact common to all the defendants. Indeed, the original complaint attempts to raise a medical needs claim, while the amended complaint and motion for leave to amend attempt to raise retaliation claims that allegedly occurred after Saunders contacted the FBI.

Based upon the foregoing discussion, the amended complaint will be dismissed without prejudice as noncompliant with Fed. R. Civ. P. 20. and the motion for leave to amend will be denied as futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (leave to amend should be granted absent a showing of futility of amendment).

As discussed above, Saunders will be given an opportunity to file an amended complaint with regard to his medical needs claims. He is cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. Thus, to the extent that Saunders believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file **separate complaints** addressing each violation along with separate motions to proceed in forma pauperis. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane,* 809 F. Supp. 1185 (M.D. Pa. 1992).

9

Saunders is warned that the inclusion of separate, unrelated claims will be considered a failure to comply with this court's order and will result in dismissal of the amended complaint. *See* Fed. R. Civ. P. 20. Finally, the failure to file an amended complaint within the specified time period will result in dismissal of the action for failure to comply with an order of court.

### III. REQUEST FOR COUNSEL

Saunders request counsel on the grounds that he is unable to afford counsel, the issues are complex, he is housed in segregation and has no physical access to the law library, he is plagued by medical problems, the only law library access is via the paging system, and he is unable to conduct research on the issues presented. (D.I. 12.) A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[6] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf;

---

[6]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

After reviewing Saunders' request, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, the court takes judicial notice that Saunders has years of experience litigating claims and, to date, the filings in this case demonstrate his ability to articulate his claims and represent himself. Finally, this case is in the early stages and the complaint as it now stands fails to state a claim upon which relief may be granted. Thus, in these circumstances, the court will deny without prejudice to renew the plaintiff's request for counsel. (D.I. 12.) Should the need for counsel arise later, one can be appointed at that time.

## IV. MOTION FOR RECONSIDERATION

On December 13, 2013, the court denied Saunders' motion for injunctive relief. (*See* D.I. 15, 33.) Saunders had complained that he requires a wheelchair, it is not being provided, and that he was recently moved to a unit that it not handicapped accessible. Saunders filed a motion for reconsideration of the order on the grounds that an affidavit provided by the State, and relied upon by the court, contained "outright lies and incorrect information" and that the State failed to provide the court all of Saunders medical information. (D.I. 34.) Saunders submitted medical information in support of his motion for reconsideration, most of which was previously provided to the court.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v.*

11

*Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

Upon review of the file, including motions and exhibits, the court finds that Saunders plaintiff has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's December 13, 2013 order. Therefore, the motion for reconsideration will be denied. (D.I. 34.)

## V. CONCLUSION

For the above reasons, the court will: (1) deny as moot the motion for an extension of time to file an amended complaint (D.I. 10); (2) deny without prejudice to renew the request for counsel (D.I. 12); (3) deny the motion for leave to amend (D.I. 25); (4) deny the motion for reconsideration (D.I. 34); (5) dismiss without prejudice the amended complaint as noncompliant with Fed. R. Civ. P. 20 (D.I. 11); and (6) dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Saunders will be given leave to amend the medical needs claims raised in the original complaint.

An appropriate order will be entered.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Feb 4, 2014
Wilmington, Delaware